UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLLINSVILLE POLICE PENSION BOARD INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>                Plaintiff,<br>     v.<br><br>DISCOVERY, INC., WARNER BROS. DISCOVERY, INC., DAVID ZASLAV, AND GUNNAR WIEDENFELS,<br><br>                Defendants. | Civil Action No.: 1:22-cv-08171<br><br>The Honorable Valerie E. Caproni<br><br>CLASS ACTION |
| TOME TODOROVSKI AND VIOLETA TODOROVSKI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>                Plaintiff,<br>     v.<br><br>DISCOVERY, INC., WARNER BROS. DISCOVERY, INC., DAVID ZASLAV, AND GUNNAR WIEDENFELS,<br><br>                Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM AND STATE TEACHERS
RETIREMENT SYSTEM OF OHIO FOR APPOINTMENT AS
<u>LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................................ ii
I.   PRELIMINARY STATEMENT ..................................................................................... 1
II.  BACKGROUND ...............................................................................................................3
III. ARGUMENT .....................................................................................................................4
     A.   THE OHIO FUNDS' MOTION IS TIMELY ............................................................ 5
     B.   THE OHIO FUNDS ARE THE PRESUMPTIVE LEAD
          PLAINTIFF AND THUS SHOULD BE APPOINTED LEAD PLAINTIFF ............................. 5
          1.   The Ohio Funds Have the Largest Financial Interest
               of Any Lead Plaintiff Movant ................................................................... 6
          2.   The Ohio Funds Satisfy Rule 23's Typicality and
               Adequacy Requirements ............................................................................ 7
               a.   The Funds' Claims Are Typical ...................................................... 7
               b.   The Funds Will Fairly and Adequately Protect the Interests
                    of the Class ..................................................................................... 8
               c.   The Funds Are the Type of Lead Plaintiff Envisioned by
                    the PSLRA ...................................................................................... 9
     C.   THE OHIO FUNDS ARE AN APPROPRIATE "GROUP OF
          PERSONS" UNDER THE PSLRA ..................................................................... 10
IV.  THE COURT SHOULD APPROVE THE FUNDS' SELECTION
     OF COUNSEL ..................................................................................................................11
V.   CONCLUSION ................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**                                                                                                                                        **Page(s)**

*In re Allergan, Inc. Proxy Violation Sec. Litig.*,
   No. 8:14-cv-02004 (C.D. Cal.) ...................................................................................9

*In re Bank of America Corp. Sec., Deriv. and ERISA Litig.*,
   No. 1:09-md-02058 (S.D.N.Y.) ................................................................................10

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
   2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) ..........................................................8

*Canson v. WebMD Health Corp.*,
   2011 WL 5331712 (S.D.N.Y. Nov. 7, 2011) .............................................................7

*Francisco v. Abengoa, S.A.*,
   2016 WL 3004664 (S.D.N.Y. May 24, 2016) ...........................................................6

*Freudenberg v. E*Trade Fin. Corp.*,
   2008 WL 2876373 (S.D.N.Y. July 16, 2008) ..........................................................10

*In re General Motors Corp. Sec. Litig.*,
   MDL No. 1749 (E.D. Mich.) ...................................................................................12

*In re Global Crossing, Ltd. Sec. Litig.*,
   No. 02-cv-910 (S.D.N.Y.) ........................................................................................11

*In re JPMorgan Chase & Co. Sec. Litig.*,
   No. 12-cv-3852 (S.D.N.Y.) ........................................................................................9

*Khunt v. Alibaba Grp. Holding Ltd.*,
   102 F. Supp. 3d 523 (S.D.N.Y. 2015) .......................................................................7

*In re Marsh & McLennan Cos. Sec. Litig.*,
   MDL No. 1744 (S.D.N.Y.) ......................................................................................11

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
   2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ..........................................................5

*Ohio Public Employees Ret. Sys. v. Fannie Mae*,
   04-cv-1639 (D.D.C.) ...............................................................................................11

*Ohio Public Employees Ret. Sys. v. Freddie Mac*,
   No. 03-cv-4261 (S.D.N.Y.) .......................................................................................9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................10

*In re Oxford Health Plans, Inc., Sec. Litig.*,
  MDL No. 1222 (S.D.N.Y.) ..................................................................................................12

*Pipefitters Loc. No. 636 Defined Ben. Plan v. Bank of Am. Corp.*,
  275 F.R.D. 187 (S.D.N.Y. 2011) ...........................................................................................6

*In re Refco, Inc., Securities Litigation*,
  No. 05-cv-8626 (S.D.N.Y.)..................................................................................................11

*Richman v. Goldman Sachs Group, Inc.*,
  274 F.R.D. 473 (S.D.N.Y. 2011) ...........................................................................................6

*In re Safety-Kleen Corp. Bondholders Litig.*,
  No. 00-cv-1145-17 (D.S.C.) ................................................................................................12

*In re Sequans Commc'ns S.A. Sec. Litig.*,
  289 F. Supp. 3d 416 (E.D.N.Y. 2018) .................................................................................10

*Todorovski v. Discovery, Inc. et. al.*,
  No. 22-cv-9125 (S.D.N.Y.) (ECF No. 19)............................................................................1

*In re Tyco Int'l Ltd. Sec. Litig.*,
  MDL No. 02-cv-1335-B (D.N.H.) .......................................................................................11

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
  589 F. Supp. 2d 388 (S.D.N.Y. 2008)..................................................................................11

*Weltz v. Lee*,
  199 F.R.D. 129 (S.D.N.Y. 2001) .........................................................................................10

*Xianglin Shi v. Sina Corp.*,
  2005 WL 1561438 (S.D.N.Y. July 1, 2005) .......................................................................10

**Statutes**

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ................................................................................................6

15 U.S.C. § 78u-4 ............................................................................................................. *passim*

Fed. R. Civ. P. 23............................................................................................................. *passim*

H.R. Rep. No. 104-369 (1995)......................................................................................................9

S. Rep. No. 104-98 (1995)............................................................................................................9

The Ohio Public Employees Retirement System ("OPERS"), and the State Teachers Retirement System of Ohio ("Ohio STRS") (together, the "Ohio Funds" or "The Funds") respectfully submit this memorandum of law support of their motion, pursuant to Section 21D of the Securities Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), for an order: (i) appointing the Ohio Funds as Lead Plaintiff in the class action pending against Discovery, Inc. ("Discovery"), Warner Brothers Discovery, Inc. ("WBD"), David Zaslav and Gunnar Wiedenfelds (together, "Defendants" or the "Company"); (ii) approving their selection of Grant & Eisenhofer P.A. ("G&E") as Lead Counsel for the class; and (iii) granting such other and further relief as the Court may deem just and proper.

## I. PRELIMINARY STATEMENT

This consoloidated class action (the "Action") asserts claims under Section 11, Section 12 (a)(2), and Section 15 of the Securities Act, against Discovery, WBD, and WBD's CEO David Zaslav and CFO Gunnar Wiedenfelds.[1] This is a federal securities class action on behalf of all persons or entities who: (1) exchanged Discovery common stock for WBD common stock pursuant or traceable to Discovery's February 4, 2022 Registration Statement on Form S-4 (the "Registration Statement") and Joint Proxy Statement/Prospectus filed with the SEC on February 10, 2022 (the "Prospectus"); (2) acquired WBD common stock pursuant or traceable to the Registration Statement and Prospectus, including shareholders of AT&T, Inc. ("AT&T") and/or Magallanes, Inc., a Delaware corporation ("Spinco") who acquired WBD common stock as a result

---

[1] On November 4, 2022, the Court consolidated the two actions captioned *Collinsville Police Pension Board on behalf of the Collinsville Police Pension Fund v. Discovery, Inc. et. al.*, No. 22-cv-8171 (S.D.N.Y.) and *Todorovski v. Discovery, Inc. et. al.*, No. 22-cv-9125 (S.D.N.Y.) (ECF No. 19). All references herein to the "Complaint" refer to the *Todorovski v. Discovery, Inc. et. al.*, No. 22-cv-9125 (S.D.N.Y.) action filed on October 24, 2022.

of the merger between Discovery and Spinco; (3) purchased shares of WBD common stock on the open market traceable to the Prospectus (the "Section 11 Class") or; (4) Discovery shareholders who exchanged Discovery common shares for WBD common shares pursuant to the Prospectus (the "Section 12(a)(2) Subclass").

The PSLRA governs the lead plaintiff selection process in class actions asserting claims under the federal securities laws. Under the PSLRA, the Court is required to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4 (a)(3)(B)(i). The "most adequate plaintiff" is the movant with the "largest financial interest in the relief sought by the class" who can make prima facie showing of the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The Ohio Funds have incurred losses of *$24,127,847* in connection with their acquisitions of WBD common stock during the Class Period. Because the Funds have good reason to believe that they possess the largest financial interest in the Action, they are the "most adequate plaintiff."

The Ohio Funds satisfy Rule 23's requirements because their claims are typical of those of the Class, and they will fairly and adequately represent the interests of the Class. The Ohio Funds are sophisticated institutional investors with a substantial financial interest in the pending litigation and have significant experience supervising and monitoring outside counsel. OPERS and Ohio STRS understand the PSLRA's requirements for Lead Plaintiff and are fully prepared to vigorously advocate to achieve the most desirable outcome for all class members.

The Ohio Funds' selection of G&E as Lead Counsel further exemplifies their adequacy. As further outlined in Section IV, *infra*, G&E is a preeminent firm nationally recognized for recovering billions of dollars on behalf of defrauded investors in an array of complex securities

class actions. This Court should grant the Ohio Funds' motion for appointment as Lead Plaintiff and approve their selection of G&E as Lead Counsel.

## II. BACKGROUND

This action relates to the merger between Discovery, Inc. and Spinco (a wholly owned subsidiary of AT&T, organized specifically for the purpose of effecting the separation of the WarnerMedia business from AT&T). Complaint at ¶ 1. The merger was announced on May 17, 2021 and closed on April 8, 2022. *Id.* at ¶ 3. WBD is a global media and entertainment company that creates and distributes a portfolio of content and brands across television, film, and streaming. *Id.* at ¶ 23. WBD is incorporated in the State of Delaware and has its principal place of business in New York, New York. *Id.* WBD's common shares trade on the NASDAQ under the symbol "WBD." *Id.*

Prior to the merger between Discovery and Spinco, AT&T transferred its Warner Media business to Spinco. *Id.* at ¶ 38. The merger required that AT&T distribute all of the issued and outstanding shares of Spinco common stock to AT&T stockholders on a pro rata basis. Pursuant to the merger, Discovery then combined its business with Spinco (including the Warner Media business that Spinco had acquired from AT&T) to form WBD. *Id.* at ¶ 6. The merger was subject to a March 11, 2022 majority vote of Discovery voting shareholders as of January 18, 2022. *Id.* at ¶ 9.

Pursuant to the merger, Discovery common shareholders received one share of WBD common stock for each Discovery common share owned, and each Discovery preferred shareholder received shares of WBD common stock in an agreed ratio. *Id.* at ¶ 6. AT&T received the balance of the outstanding and issued WBD common shares directly from WBD and subsequently distributed those shares to AT&T's shareholders. *Id.* Specifically, the Spinco shares that AT&T stockholders received (in consideration for the separation of the Warner Media

business from AT&T) were automatically converted into the right to receive shares of WBD common stock registered pursuant to the Registration Statement. *Id*. Each AT&T shareholder received 0.241917 shares of WBD for each AT&T share owned. *Id.*

The complaint alleges that, when they filed the Registration Statement and Prospectus for the merger, Defendants either knew or had access to adverse information concerning the operations of the Warner Media business, including that: (i) Warner Media's HBO Max streaming business had a high churn rate that made the business not "viable" unless the churn rate was reversed; (ii) AT&T was overinvesting in Warner Media entertainment content for streaming, without sufficient concern for return on investments; (iii) Warner Media had a business model to grow the number of subscribers to its streaming service without regard to cost or profitability; (iv) Warner Media was improvidently concentrating its investments in streaming and ignoring its other business lines; and (v) Warner Media had overstated the number of subscribers to HBO Max by as many as 10 million subscribers. *Id.* at ¶ 14. The complaint further alleges that all of these facts were known or knowable to Defendants by virtue of the due diligence process conducted by Discovery prior to the merger. *Id.* However, this information was not disclosed to Discovery or AT&T shareholders prior to the merger vote, or in the registration statement or prospectus issued pursuant to the merger, in violation of Sections 11 and 12(a) (2) of the Securities Act of 1933.

As a result, the Ohio Funds and the Class have been damaged by Defendants' violations of the U.S. securities laws.

### III. ARGUMENT

The PSLRA requires courts to consider motions filed on behalf of individuals or entities seeking to be appointed lead plaintiff of a class action in response to a published notice of class action by the later of (i) 60 days after the date of publication or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA

provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that: (1) has either filed the complaint or made a motion in response to a notice; (2) has the "largest financial interest in the relief sought by the class"; and (3) otherwise satisfies the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B).

### A. THE OHIO FUNDS' MOTION IS TIMELY

On September 23, 2022, notice was published on *MarketWatch* alerting investors that a class action lawsuit had been filed against WBD and certain executive officers for wrongdoing associated and WBD's February 4, 2022 Registration Statement and February 10, 2022 Prospectus. *See* Declaration of Daniel L. Berger dated November 22, 2022 ("Berger Decl."), Ex. E. Because the Ohio Funds' motion for appointment as Lead Plaintiff has been filed within 60 days of publication of this notice, it is timely. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) (providing that any class member may move for appointment as lead plaintiff within 60 days of publication of notice of the filing of the action).

### B. THE OHIO FUNDS ARE THE PRESUMPTIVE LEAD PLAINTIFF AND SHOULD BE APPOINTED LEAD PLAINTIFF

OPERS and Ohio STRS should be appointed Lead Plaintiff because they are the most "adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i). Pursuant to the PSLRA, there is a rebuttable presumption that the "most adequate plaintiff" is the "person or group of persons" with the "largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Nurlybaev v. ZTO Express (Cayman) Inc.*, 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017).

The Ohio Funds are the "most adequate plaintiff" because, to their knowledge, they have the largest financial interest of any qualified movant, satisfy Rule 23's typicality and adequacy requirements, and are sophisticated institutional investors with significant lead plaintiff experience

and possess the necessary competency, diligence, and resources to effectively oversee and litigate this action on behalf of the class.

### 1. The Ohio Funds Have the Largest Financial Interest of Any Lead Plaintiff Movant

The Ohio Funds have the "largest financial interest in the relief sought by the class" and thus should be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Under the PSLRA, determining which movant possesses the "largest financial interest in the relief sought by the class" is the most significant factor in determining who is the "most adequate" lead plaintiff. *See* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *Richman v. Goldman Sachs Group, Inc.*, 274 F.R.D. 473, 479 (S.D.N.Y. 2011). Courts view the magnitude of the loss suffered as the most important indicator of financial interest in the class. *Francisco v. Abengoa, S.A.*, 2016 WL 3004664, at *4-5 (S.D.N.Y. May 24, 2016) (citing *In re Braskem S.A. Sec. Litig.*, 2015 WL 5244735, at *4 (S.D.N.Y. Sept. 8, 2015)).

In measuring the magnitude of loss, courts in this district express a preference for measuring losses on a last-in, first-out ("LIFO") basis. *Pipefitters Loc. No. 636 Defined Ben. Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 190 (S.D.N.Y. 2011); *In re Richman*, 274 F.R.D. at 476 (Courts in this district "have a very strong preference for the LIFO method in calculating loss."). Under the LIFO method, OPERS has losses of $15,602,720, and Ohio STRS has losses of $8,525,127. Combined, the Ohio Funds acquired 2,966,517 shares of Discovery's Class A and Class C shares (OPERS: 1,501,557 shares; Ohio STRS: 1,464,960 shares) (*see* Berger Decl. Exs. A and B, and Schedule As attached thereto, showing Class Period acquisitions). Further, the Ohio Funds have combined **LIFO losses of $24,127,847** resulting from Defendants' violations of the securities laws. To their knowledge, there is no other investor who has higher losses. *See* Berger Decl. Exs. C and D (charts showing the calculations of the Funds' losses).

## 2. The Ohio Funds Satisfy Rule 23's Typicality and Adequacy Requirements

The party moving for lead plaintiff need not only demonstrate that they have the largest financial interest in the litigation, but also that they satisfy the typicality and adequacy requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *Canson v. WebMD Health Corp.*, 2011 WL 5331712 at *2 (S.D.N.Y. Nov. 7, 2011). The moving plaintiff need only make a "preliminary showing that the adequacy and typicality requirements under Rule 23 have been met." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015) (quoting *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003)).

### a. The Funds' Claims Are Typical

Rule 23(a)(3) requires the movant to demonstrate that its defenses are typical of those of the class. "Typicality is satisfied when the moving plaintiffs' injuries arose from the same course of conduct of the defendant that injured the other class members." *Khunt*, 102 F. Supp. 3d at 539 (citing *Weinberg*, 216 F.R.D. at 253). Here, the claims of OPERS and Ohio STRS arise from the same fraudulent conduct that injured the other class members. Pursuant to WBD's Prospectus and Registration Statement (which omitted adverse information regarding the Warner Media Business, in violation of the federal securities laws) OPERS and Ohio STRS (1) exchanged Discovery common stock for WBD common stock pursuant or traceable to the Registration Statement and Prospectus; (2) acquired WBD common stock pursuant or traceable to the Registration Statement and Prospectus, including as shareholders of AT&T Inc. as a result of the merger between Discovery and Spinco; and (3) purchased shares of WBD common stock on the open market traceable to the Prospectus prior to the date of the filing of the complaint. Further, similar to other Class member, OPERS and Ohio STRS incurred financial losses as a result of Defendants

misleading registration statement and prospectus. Accordingly, the Ohio Funds meet Rule 23's typicality requirement.

### b. The Ohio Funds Will Fairly and Adequately Protect the Interests of the Class

The Ohio Funds also satisfy the adequacy requirement of Rule 23. Rule 23(a)(4) provides that a representative party must "fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). In determining the "adequacy" component, courts look to whether: "1) class counsel is qualified, experienced, and generally able to conduct the litigation; 2) the class members' interests are not antagonistic to one another; and 3) the movant has sufficient interest in the outcome of the case to ensure vigorous advocacy." *In re Blue Apron Holdings, Inc. Sec. Litig.*, 2017 WL 6403513, at *3 (E.D.N.Y. Dec. 15, 2017).

*First*, the Ohio Funds have chosen Grant and Eisenhofer, P.A. ("G&E") as Lead Counsel. G&E is a highly qualified and experienced securities litigation firm that has consistently achieved nation-renowned success for defrauded investors. *See* Section IV, *infra*.

*Second*, it is evident that the interests of the class members are not antagonistic to one another as they have all sued the same Defendants based on substantially the same theory of liability. Further, OPERS and Ohio STRS can also represent the widest range of investors, since in their capacities as **both** former AT&T and Discovery shareholders, they have an interest in maximizing the recovery of each group of class members.

*Third*, the Ohio Funds will vigorously advocate on behalf of other class members as they possess a very substantial financial interest in the litigation. For the foregoing reasons, OPERS and Ohio STRS are adequate class representatives under Rule 23.

8

### c. The Funds Are the Type of Lead Plaintiff Envisioned by the PSLRA

OPERS and Ohio STRS are sophisticated pension funds based in Ohio that collectively manage more than $190 billion in assets. These funds are precisely the caliber of lead plaintiff that Congress envisioned when it enacted the PSLRA. *See* H.R. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 73, 733; S. Rep. No. 104-98 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("The Committee believes that an institutional investor acting as lead plaintiff can, consistent with its fiduciary obligations, balance the interests of the class with the long-term interests of the company and its public investors"). The Funds each made significant investments in WBD-related securities pursuant to Defendants misleading Registration Statement and Prospectus during the Class Period and ***together suffered losses of $24,127,847*** using a LIFO calculation. Appointing the Funds as Lead Plaintiff furthers the PSLRA's goal of involving institutional investors in securities class actions.

Both OPERS and Ohio STRS have demonstrated track records of success serving as lead plaintiff. Ohio STRS recovered $250 million for the class in *In re Allergan, Inc. Proxy Violation Sec. Litig.*, No. 8:14-cv-02004 (C.D. Cal.), a case in which it served as a co-lead plaintiff. Similarly, OPERS recovered $410 million as co-lead plaintiff in *Ohio Public Employees Retirement System v. Freddie Mac*, No. 03-cv-4261 (S.D.N.Y.), and recovered $150 million for investors in *In re JPMorgan Chase & Co. Sec. Litig.*, No. 12-cv-3852 (S.D.N.Y.) as co-lead plaintiff alongside three other institutional investors.

### C. THE OHIO FUNDS ARE AN APPROPRIATE "GROUP OF PERSONS" UNDER THE PSLRA

The Ohio Funds comprise an appropriate "group of persons" to be appointed Lead Plaintiff under the PSLRA. 15 U.S.C. §78u-4(a)(3)(B)(iii) (establishing criteria to identify the "person or group of persons" presumed to be the "most adequate plaintiff"). Courts in the Second Circuit have often selected groups as Lead Plaintiffs. *See, e.g.*, *Freudenberg v. E\*Trade Fin. Corp.*, 2008 WL 2876373 (S.D.N.Y. July 16, 2008); *Xianglin Shi v. Sina Corp.*, 2005 WL 1561438 (S.D.N.Y. July 1, 2005); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998). The two entities comprising the Ohio Funds are each a public pension fund based in Columbus, Ohio, acting as a fiduciary for Ohio public employees. *See* Berger Decl. Exs. A and B.

Appointing the Ohio Funds as Lead Plaintiff will both enable manageability and prevent the risk of the litigation being disrupted at a later point. The group has only two members, and is thus discrete enough to allow for coordination of the management of the case. *See Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (holding that the "aggregation of seven [] shareholders" as co-lead plaintiffs "does not present a group so cumbersome as to deliver the control of the litigation into the hands of the lawyers" and thus appointing seven investors as co-lead plaintiffs.)

Further, the Ohio Funds are closely connected. They are public pension funds based in Columbus, Ohio, that act as fiduciaries for Ohio public employees. No preexisting relationship between the parties is required by the PLSRA. *See In re Sequans Commc'ns S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 424 (E.D.N.Y. 2018) (finding the two movants acceptable co-lead plaintiffs despite no pre-existing relationship because it was sufficient that they were "like-minded investors" who had joint calls to discuss litigation strategy). Nevertheless, the members comprising the Ohio Funds do have a strong pre-litigation relationship. Ohio STRS and OPERS served together as co-lead plaintiffs in *In re Bank of America Corp. Sec., Deriv. and ERISA Litig.*,

No. 1:09-md-02058 (S.D.N.Y.), in which they secured a $2.4 billion recovery for the class. Ohio STRS and OPERS also served together as co-lead plaintiffs in *Ohio Public Employees Retirement System v. Fannie Mae*, 04-cv-1639 (D.D.C.), and achieved a settlement of $153 million on behalf of the Class in 2013. Thus, the Ohio Funds are an appropriate Lead Plaintiff group.

There is nothing to suggest that the Ohio Funds or its counsel will not fairly and adequately represent the class or that the Ohio Funds are subject to unique defenses. This Court should appoint the Ohio Funds as Lead Plaintiff.

**IV. THE COURT SHOULD APPROVE THE FUNDS' SELECTION OF COUNSEL**

This Court should approve the Ohio Funds' selection of G&E as Lead Counsel for the class. The PSLRA accords the Lead Plaintiff the authority to select and retain counsel to represent the entire class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Unless adverse to the interests of the class, a court should not interfere with a lead plaintiff's selection of counsel. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(a); *see also Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (internal quotations and citations omitted).

The Ohio Funds have selected G&E as counsel, an esteemed plaintiffs' firm that is highly experienced in litigating securities class actions. G&E has adequate resources to prosecute this action and obtain the best outcome for the class. Moreover, G&E has served as lead or co-lead counsel in several of the largest securities class actions in history, including: *In re Tyco International Ltd. Securities Litigation*, MDL No. 02-cv-1335-B (D.N.H.) ($3.2 billion recovery); *In re Global Crossing, Ltd. Securities Litigation*, No. 02-cv-910 (S.D.N.Y.) ($448 million recovery); *In re Refco, Inc., Securities Litigation*, No. 05-cv-8626 (S.D.N.Y.) ($422 million recovery); *In re Marsh & McLennan Cos. Securities Litigation*, MDL No. 1744

11

(S.D.N.Y.) ($400 million recovery); *In re General Motors Corp. Sec. Litig.*, MDL No. 1749 (E.D. Mich.) ($303 million recovery); *In re Oxford Health Plans, Inc., Securities Litigation*, MDL No. 1222 (S.D.N.Y.) ($300 million recovery); and *In re Safety-Kleen Corp. Bondholders Litig.*, No. 00-cv-1145-17 (D.S.C.) ($276 million recovery). *See also* Berger Decl. Ex. F (G&E Firm Resume). Because of G&E's preeminence and tenure in representing institutional investors in securities class actions, this Court should approve the Funds' selection of G&E as Lead Counsel.

## V. CONCLUSION

For the foregoing reasons, the Ohio Funds respectfully request that this Court grant their motion for appointment as lead plaintiff, and appoint their choice of G&E as lead counsel for the class.

| | |
|---|---|
| Dated: November 22, 2022<br>New York, New York | Respectfully submitted,<br><br>*/s/ Daniel L. Berger*<br>Daniel L. Berger<br>Caitlin M. Moyna<br>**GRANT & EISENHOFER P.A.**<br>485 Lexington Avenue<br>New York, NY 10017<br>Tel.: (646) 722-8500<br>Fax: (646) 722-8501<br>Email: dberger@gelaw.com<br>Email: cmoyna@gelaw.com<br><br>*Counsel for Ohio Public Employees Retirement System and State Teachers Retirement System of Ohio*<br><br>**OFFICE OF THE ATTORNEY GENERAL OF THE STATE OF OHIO**<br><br>Shawn Busken (Shawn.Busken@OhioAttorneyGeneral.gov)<br>30 East Broad Street<br>Columbus, OH 43215<br>Tel: (800) 282-0515 |

*Additional Counsel for Ohio Public
Employees Retirement System and State
Teachers Retirement System of Ohio*