USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/12/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
COLLINSVILLE POLICE PENSION BOARD :
On Behalf of the COLLINSVILLE POLICE :
PENSION FUND, Individually and On Behalf of :
All Others Similarly Situated, : 22-CV-8171 (VEC)
        Plaintiff, :
         :
    -against- :
         :
DISCOVERY, INC., WARNER BROS. :
DISCOVERY, INC., DAVID ZASLAV, and :
GUNNAR WIEDENFELS, :
        Defendants. :
------------------------------------------------------------- X
------------------------------------------------------------- X
VIOLETA TODOROVSKI, Individually and On :
Behalf of All Others Similarly Situated, :
        Plaintiff, :
         :
    -against- : 22-CV-9125 (VEC)
         :
DISCOVERY, INC., WARNER BROS. :
DISCOVERY, INC., DAVID ZASLAV, and :
GUNNAR WIEDENFELS, :
         :
        Defendants. :
------------------------------------------------------------- X

**ORDER**

VALERIE CAPRONI, United States District Judge:

  On September 23, 2022, Collinsville Police Pension Board filed this putative class action alleging violations of Sections 11 and 12(a)(2) of the Securities and Exchange Act, Compl., Dkt. 1 ¶¶ 118, 218.[1] Pursuant to 15 U.S.C. § 78u-4a(3)(B), the Court is required to determine the "most adequate plaintiff" in this action by reference to which applicant for appointment as lead

---

[1] On October 24, 2022, Tome Todorvski and Violeta Todorovski also filed a putative class action for violations of Sections 11 and 12(a)(2) of the Securities and Exchange Act in the case numbered 22-CV-9125. *See* Compl., *Todorvski et al v. Discovery, Inc., et al.*, No. 22-CV-9125, Dkt. 1 ¶ 13. The Court consolidated that action with *Collinsville Police Board Pension Board on behalf of the Collinsville Police Pension Fund v. Discovery, Inc., et al*, No. 22-CV-8171, on November 4, 2022. Order, *Todorvski et al v. Discovery, Inc., et al.*, No. 22-CV-9125, Dkt. 21.

plaintiff "has the largest financial interest in the relief sought by the class," *id.* at § 78u-4a(3)(B)(iii)(I)(bb), and "otherwise satisfies the requirements of Rule 23," *id.* at § 78u-4a(3)(B)(iii)(I)(cc).

The Court received applications for lead plaintiff and for approval of applicants' selection of lead counsel from eight parties, including an application from the Ohio Public Employees Retirement System and the State Teachers Retirement System of Ohio ("Ohio Funds"). The other seven applicants have since withdrawn their applications or, in lieu of responding in support of their own applications, submitted notices acknowledging that the Ohio Funds have the largest financial interest in the sought relief.[2] No applicant objects to the Ohio Funds' selection of lead counsel (Grant & Eisenhoffer P.A.).[3] The Court further finds that the Ohio Funds satisfy the requirements of Rule 23.

IT IS HEREBY ORDERED that the Court appoints the Ohio Funds lead plaintiffs for the putative class in this action. The Court approves lead plaintiffs' selection of Grant & Eisenhoffer P.A. as lead counsel for the putative class. As of this Order, Defendants' time to answer or otherwise respond is no longer stayed. Order, Dkt. 13. No later than **December 21, 2022**, the parties must submit a joint proposed schedule for filing a consolidated amended complaint, as

---

[2] These include (1) Tom Kimmeth, Mot., Dkt. 20; Not., Dkt. 51, (2) the Norfolk County Retirement System, Mot., Dkt. 29; Resp., Dkt. 58, (3) Bruce and Lou Ann Murphy, Mot., Dkt. 33; Not., Dkt. 52; (4) the Wayne County Employees' Retirement System, Mot., Dkt. 37; Not., Dkt. 59; (5) Robert Buchwald, Mot., Dkt. 39; Not., Dkt. 55, (6) Macomb County Employees' Retirement System, City of Warren Police and Fire Retirement System, City of Warren General Employees' Retirement System, City of Roseville Police and Fire Retirement System, and City of Roseville Employees' Retirement System, Mot., Dkt. 40; Not., Dkt. 53, and (7) Public Employees' Retirement System of Mississippi (PERS), Mot., Dkt. 23; Resp., Dkt. 54.

[3] PERS requested that its attorney, Wolf Popper, LLP, be allowed to participate in some way. The Court has no reason to believe that Grant & Eisenhoffer is not fully capable of handling this litigation without the assistance of another firm and generally believes that the addition of additional firms redounds to the detriment of the class because it inevitably results in duplication of efforts. If Grant & Eisenhoffer believes it needs assistance in handling this litigation, whether from Wolf Popper or any other law firm, it must seek leave to have another firm added to the representation.

well as for Defendants' time to move or answer.  The schedule should include a briefing schedule for a motion to dismiss, if made.

**SO ORDERED.**

Date:  December 12, 2022
       New York, New York

                          **VALERIE CAPRONI**
                          **United States District Judge**